UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Russell DeFreitas,<br><br>                                              Petitioner,<br><br>                    -v-<br><br>Anthony Senft,<br><br>                                              Respondent. | 2:24-cv-6347<br>(NJC) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion seeking leave to proceed *in forma pauperis* ("IFP") (IFP Mot., ECF No. 2) filed by Russell DeFreitas ("DeFreitas"), acting pro se and while incarcerated as a pretrial detainee at the Suffolk County Correctional Facility, together with his second Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241").[1] (Pet., ECF No. 1, ¶¶ 2–4.) Upon review of DeFreitas's submissions, the Court grants the application to proceed IFP and dismisses the Petition without prejudice as set forth below pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

---

[1] DeFreitas's May 7, 2024 petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 was dismissed without prejudice by Memorandum and Order dated June 7, 2024. *See DeFreitas v. Toulon, Jr.*, 24-cv-3394 (Mem. & Order, ECF No. 10) ("*DeFreitas IV*").

## BACKGROUND

DeFreitas is no stranger to this Court, having filed ten actions since July 24, 2023, all relating to his detention and pending state court criminal prosecution.[2] The present Petition names Justice Anthony Senft[3] ("J. Senft" or "Respondent") as the sole Respondent, is largely repetitive of the earlier unsuccessful Section 2241 Petition filed in *DeFreitas IV*, and challenges DeFreitas's indictment pending under No. 71385-23 in the New York State Supreme Court, Suffolk County. (*Compare* Pet. *with DeFreitas IV*, ECF No. 1.) Like the *DeFreitas IV* Petition, the present Petition seeks this Court's intervention in the ongoing state court prosecution. Indeed, the Petition alleges that the Respondent has failed to reasonably accommodate DeFreitas's legal blindness and seeks an order from this Court directing that he "immediately be released from custody," and alternatively, that DeFreitas "be provided large print, bold type on light blue

---

[2] *See DeFreitas v. Sheriff Errol D. Toulon, et al.*, No. 2:23-cv-5933 (E.D.N.Y. June 7, 2024) ("*DeFreitas I*") (amended complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz, et al.*, No. 2:24-cv-2368 (E.D.N.Y. June 7, 2024) ("*DeFreitas II*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz, et al.*, No. 2:24-cv-2918 (E.D.N.Y. June 7, 2024) ("*DeFreitas III*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas IV*, No. 2:24-cv-3394 (E.D.N.Y. June 7, 2024) (Section 2241 petition dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz*, No. 2:24-cv-5264 (E.D.N.Y. Aug. 20, 2024) ("*DeFreitas V*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Sheriff Errol D. Toulon, et al.*, No. 2:24-cv-5035 (E.D.N.Y. Oct. 15, 2024) ("*DeFreitas VI*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Senft*, 2:24-cv-6320 (E.D.N.Y. Oct. 15, 2024) ("*DeFreitas VII*") (IFP denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision"). DeFreitas's IFP applications in *DeFreitas, et al. v. Tierney*, No. 2:24-cv-06856 (E.D.N.Y filed Sept. 25, 2024) ("*DeFreitas IX*"), and *DeFreitas v. State of New York et al*, No. 2:24-cv-07813 (E.D.N.Y filed Oct. 30, 2024) ("*DeFreitas X*"), are also denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision" by separate Orders of this Court on this date. The present Petition is DeFreitas's eighth filed case since July 24, 2023.

[3] J. Senft has been named as a defendant in several of DeFreitas's prior cases and is known to be the presiding judicial officer in the underlying state prosecution.

paper" copies "of the waiver of immunity he signed, the People's notice of readiness for trial, and discovery . . . ." (Pet. ¶ 15.) Further, DeFreitas requests that this Court assign defense counsel "who will communicate with [him] in the written manner he can read, large print, bold type on light blue paper," and who will file a motion "after discussing the facts of the motion with me." (*Id.*)

## LEGAL STANDARDS

### I. In Forma Pauperis

The Court may "authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, 28 U.S.C. § 1915(g), often referred to as the "three strikes" rule, bars prisoners from proceeding IFP after three or more previous actions or appeals have been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Notably, 28 U.S.C. § 1915(g)'s three strikes provision does not apply to habeas petitions. *See Jones v. Smith*, 720 F.3d 142, 147 (2d Cir. 2013) ("a habeas petition is not a civil action under the three strikes provision"). Here, DeFreitas has petitioned for a writ of habeas corpus, so 28 U.S.C. § 1915(g)'s three strikes provision is inapplicable.[4]

Upon review of DeFreitas's IFP application (IFP Mot., ECF No. 2), the Court finds that

---

[4] DeFreitas has at least three strikes under 28 U.S.C. § 1915(g) as *DeFreitas II*, *DeFreitas III*, and *DeFreitas V* were all dismissed under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as bringing claims that were frivolous, malicious, or that failed to state a claim upon which relief may be granted.

DeFreitas is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP is granted.

## II. Sufficiency of the Pleadings

Because DeFreitas is proceeding IFP, 28 U.S.C. § 1915 instructs that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). At the pleading stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in a pleading. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)), *aff'd*, 569 U.S. 108 (2013)).

This Court is required to construe pleadings "filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*), *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)).

## III. Section 2241

Section 2241 permits habeas corpus review for prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *2 (S.D.N.Y. May 21, 2019) ("[A] petition

brought under 28 U.S.C. § 2241 is generally the proper vehicle for a state prisoner who has not yet been convicted but argues that he is in custody in violation of the Constitution or laws or treaties of the United States.") (cleaned up). Thus, this Court's jurisdiction to adjudicate a petition under Section 2241 extends to claims brought by a pre-trial detainee. *See*, *e.g.*, *United States v. McGriff*, 468 F. Supp. 2d 445, 447 (E.D.N.Y. 2007) (federal courts have "jurisdiction to entertain a habeas petition challenging the conditions of pretrial confinement" under Section 2241). In habeas challenges to confinement, "the proper respondent is the warden of the facility where the prisoner is being held." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* 28 U.S.C. § 2242.

However, as the Court explained in dismissing the *DeFreitas IV* petition, a district court should not enjoin an ongoing state prosecution given the federalism principles central to the United States Constitution. *See DeFreitas IV*, Mem. & Ord., ECF No. 10 at 19 ("[A]ny requests for injunctive relief enjoining or interfering with the criminal charges pending against DeFreitas in the New York State Supreme Court, Suffolk County, or otherwise intruding in those proceedings squarely trigger the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Sprint Communications, Inc. v. Jacobs*, 571 U.S 69 (2013).") (internal quotation marks omitted) (citing *DeFreitas I*, ECF No. 18 at 9.) Further, a Section 2241 petitioner is required to exhaust all available remedies at the state level before seeking relief in federal court. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976).

## DISCUSSION

### I. Proper Respondent

As a threshold matter, the Petition names J. Senft as the sole Respondent. Given DeFreitas's detention at the Suffolk County Correctional Facility, the proper respondent is the warden of that facility. *See*, *e.g.*, *Hightower v. New York*, No. 9:24-cv-367, 2024 WL 1580104, at

\*1 n.1 (N.D.N.Y. Apr. 11, 2024) ("The proper respondent for a petition pursuant to 28 U.S.C. § 2241 is the director or warden of the detention facility where a petitioner is incarcerated"); *Holley v. McCormick*, No. 3:20-cv-1663, 2021 WL 3409287, at \*2 (D. Conn. Aug. 3, 2021) (dismissing a state court judge named as a habeas petition respondent because the warden of the facility where the petitioner is in custody is the only proper respondent); *Golding v. Sessions*, No. 18-cv-3036, 2018 WL 6444400, at \*2–3 (S.D.N.Y. Dec. 6, 2018) (holding, in a habeas proceeding challenging confinement in immigration custody, that the proper respondent is the warden of the facility in which the petitioner was being held). Although DeFreitas could name the proper respondent in an amended petition, the Court declines to grant leave to amend at this time given that this Court must abstain from adjudicating DeFreitas's unexhausted claims for injunctive relief for the reasons that follow.

## II. Abstention

DeFreitas requests injunctive relief in the form of his "immediate[] [] release[] from custody" or, alternatively, that he be:

> provided large print, bold type on light blue paper [copies] of the waiver of immunity he signed, the People's notice of readiness for trial and discovery disclosure of all written documents, as well as the hard drive containing the discovery disclosure, and the assignment of counsel who will communicate with [him] in the written manner he can read, large print, bold type on light blue paper, and such counsel upon being assigned will timely file a CPL 190.50(5)(c) and CPLR 210.20(1)(d) motion after discussing the facts of the motion with [him].

(Pet. ¶ 15.)[5]

Because the requested relief would require this Court to interfere with a pending state criminal prosecution, these claims squarely trigger the abstention doctrine set forth in *Younger*

---

[5] Unless otherwise noted, excerpts from the Petition have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

and *Sprint*. The doctrine of *Younger* abstention requires federal courts to abstain from exercising jurisdiction over claims when adjudication of those claims would interfere with any one of three types of state-level proceedings that present "exceptional circumstances": (1) "ongoing state criminal prosecutions"; (2) state "civil enforcement proceedings" that are "akin to criminal prosecutions"; and (3) proceedings that involve state courts "perform[ing] their judicial functions," including "enforcing the orders and judgments of its courts." *Sprint*, 571 U.S at 72–73, 78 (defining the scope of *Younger* abstention). After applying this categorical approach, courts consider three additional, non-dispositive factors to determine whether *Younger* abstention is appropriate: 1) whether there is a "pending state proceeding," 2) whether that proceeding "implicates an important state interest," and 3) whether "the state proceeding affords an adequate opportunity for judicial review of . . . federal constitutional claims." *Falco v. Justices of Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F. 3d 425, 427 (2d Cir. 2015) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)); *see, e.g.*, *Lowell v. Vermont Dep't of Child. & Fams.*, 835 F. App'x 637, 639 (2d Cir. 2020), *as amended* (Dec. 15, 2020) (describing the *Younger/Sprint* abstention analysis). "[E]ven if *Younger*'s prerequisites are satisfied, a federal court may exercise jurisdiction if the plaintiff can make a showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief.'" *Lowell*, 835 F. App'x at 639 (quoting *Younger*, 401 U.S. at 54).

Here, insofar as DeFreitas asks this Court to release him from state custody and/or to order the state to provide him with documents with "large print, bold type on light blue paper" and to assign him an attorney who will communicate with him in a prescribed way (*see* Pet. ¶ 15), the Petition squarely triggers *Younger*'s first category—interference with an ongoing state criminal prosecution. *See Sprint,* 571 U.S at 72–73; *see also Disability Rts. New York v. New York*, 916 F.3d 129, 137 (2d Cir. 2019) (recognizing the abstention principal in state criminal

proceedings and extending it to certain state civil cases). Indeed, DeFreitas's requests for such injunctive relief have already been rejected by this Court. (*See DeFreitas IV*, Mem. & Order, ECF No. 10 at 19–20.)

Nor has DeFreitas pled any facts from which the Court could reasonably find bad faith or harassment in the state criminal prosecution that would counsel against *Younger* abstention. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010). Indeed, the Court made clear in both the *DeFreitas I* Memorandum & Order and the *DeFreitas IV* Memorandum & Order "that a claim of bad faith or harassment requires the pleading of factual allegations that, if true, would show that 'the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive' and that DeFreitas 'ha[s] no reasonable expectation of obtaining a favorable outcome.'" *DeFreitas I*, Mem. & Ord., ECF No. 18 at 12 (citing *Diamond "D" Const. Corp.*, 282 F.3d at 199); *DeFreitas IV*, Mem. & Ord., ECF No. 10 at 21 (citing *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002)). Wholly absent from the Petition are any such facts. *See* Pet. *in toto*. DeFreitas has failed to point to anything in the record suggesting that his state criminal prosecution for charges of selling and possessing narcotics and unlawfully possessing a firearm is motivated by a retaliatory, harassing, or other illegitimate motive, or that he has no reasonable expectation of obtaining a favorable outcome in the state proceedings. Given that a pending state prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights," *Kugler v. Helfant*, 421 U.S. 117, 124 (1975), this Court will not intervene in the pending state criminal prosecution.

### III.  Exhaustion

DeFreitas has not exhausted his state court remedies rendering his present Petition premature. *See United States ex rel. Scranton*, 532 F.2d at 294 (pretrial detainee is not entitled to habeas relief when state remedies had not been exhausted); *see also Blanchard v. New York*, No.

9:18-cv-0448, 2018 WL 2324054, at *2–3 (N.D.N.Y. May 22, 2018) (concluding that failure to exhaust under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-cv-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between the exhaustion requirements of petitions brought under 28 U.S.C. § 2254 and 28 U.S.C. § 2241). Rather, DeFreitas alleges that he appealed the denials of his requests for reasonable accommodations to the "Commission of Judicial Conduct" on July 24, 2024 and, as of the date of his Petition, his appeal was "under review." (Pet. ¶ 7(a)(1)–(4).) DeFreitas also alleges that he appealed to the "U.S. Department of Justice, Civil Rights Division in Washington, D.C.", and was advised on July 30, 2024 that this agency was "unable to assist because of high caseload." (*Id*. ¶ 8(a)(1), (4)–(5).) DeFreitas also alleges that he appealed again to that agency on August 10, 2024, and sent "forms," but he does not allege that this "appeal" has concluded. *Id*. ¶ 9(a)(1)-(5).

DeFreitas cannot use a federal habeas action to attempt to circumvent the state criminal trial process. Given the pending criminal matter in New York Supreme Court, Suffolk County, "[i]f [DeFreitas] wishes to litigate the claims raised in this [Petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas v. Ramos*, No. 1:20-cv-3422, 2020 WL 2192716, at *3 (S.D.N.Y. May 5, 2020). Furthermore, "if [DeFreitas] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.* Indeed, insofar as DeFreitas disagrees with J. Senft's denial of his motion for the reassignment of counsel (Pet. ¶ 12) or the denial of his requests for reasonable accommodations (Pet. ¶¶ 5–6), his channel for recourse at this time is within the state court system.

Because it is clear from the face of the Petition that DeFreitas is not entitled to relief in this Court, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254

9

Cases, which is made applicable to Section 2241 habeas petitions by Rule 1(b) thereof. *See* Rules Governing § 2254 Cases, Rule 1(b); Rules Governing § 2254 Cases, Rule 4 ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## CONCLUSION

For the reasons stated above, the Court grants DeFreitas's application to proceed *in forma pauperis*, IFP Mot., ECF No. 2, and dismisses the Petition pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) without prejudice and without leave to amend at this time.

The Clerk of the Court shall mail a copy of this Memorandum and Order to DeFreitas at his address of record, include the notation "Legal Mail" on the envelope, and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
November 21, 2024

                                                                     */s/ Nusrat J. Choudhury*
                                                                     NUSRAT J. CHOUDHURY
                                                                     United States District Judge